# SEARCH WARRANT

TOWN OF EAST FISHKILL COURT
COUNTY OF DUTCHESS
STATE OF NEW YORK

HON. _Peter M. Forman_____, ISSUING JUDGE

---

To Det. Ryan Angioletti of the Town of East Fishkill Police Department and assigned to the Dutchess County Drug Task Force, Sgt. John Zeltmann of the City of Poughkeepsie Police Department, who is presently assigned to the Dutchess County Drug Task Force and/or any investigator of the New York State Police Computer Crimes Unit.

(a)  You are hereby authorized and directed to search three (3) cellular phones, currently in the possession of the Dutchess County Drug Task Force:
   1. One (1) Sprint HTC Cell phone, cell phone # 845-■■■■ that DENNIS SICA had in his possession at the time of his arrest;
   2. One (1) Samsung cell phone, cell phone # 860-■■■■ that BONNIE HOWELL had in her possession at the time of her arrest;
   3. One (1) Sprint LG cell phone, cell phone # 845-■■■■ that SYDNEY WHITE had in her possession at the time of her near-fatal overdose.

(b)  For each of these cellular telephones, you are also authorized to search any Subscriber Information Module (hereinafter "SIM") card or Universal Subscriber Information Module (hereinafter "USIM") card in addition to any removable memory cards that may be contained in each of the above described three cellular telephones. Specifically, you are authorized and directed to seize all data contained therein, and convert it into a readable format, relating to crimes charged against DENNIS SICA, including but not limited to, violations of Article 220 of the New York State Penal Law.

## SEALING ORDER

(c)     It is ordered that the affidavit of Det. Ryan Angioletti submitted in support of this search warrant remain sealed until further court order.

This warrant must be executed not more than ten (10) days after the date of its issuance and any property seized pursuant hereto shall be returned and delivered to the court without unnecessary delay.

Dated:   Town of East Fishkill, New York
         February  18 , 2014

                                    _____
                                    HON. Peter M. Forman
                                    Dutchess County Court Judge
                                    Sitting as a local criminal court

2

SICA-US000368

TOWN OF EAST FISHKILL COURT
COUNTY OF DUTCHESS
STATE OF NEW YORK

---------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION FOR
A SEARCH WARRANT FOR THE SEARCH OF
MOBILE TELEPHONES, NAMELY THREE (3)
CELLULAR TELEPHONES, ONE OF WHICH WAS         AFFIDAVIT IN
SEIZED FROM THE PASSENGER SEAT OF THE WHITE   SUPPORT OF AN
1997 HONDA ACCORD IN WHICH DENNIS SICA WAS A  APPLICATION FOR
PASSENGER, ONE OF WHICH WAS SEIZED FROM       SEARCH WARRANT
BONNIE HOWELL, AND ONE OF WHICH WAS SEIZED
FROM SYDNEY WHITE, EACH CURRENTLY SECURED
AT THE DUTCHESS COUNTY DRUG TASK FORCE IN
THE COUNTY OF DUTCHESS, AND SEIZURE OF
EVIDENCE FOUND THEREIN.
---------------------------------------------------------------X


FOR A SEARCH WARRANT TO SEARCH THE FOLLOWING PROPERTY:

1. One (1) Sprint HTC Cell phone, cell phone # 845-▓▓▓▓ that DENNIS SICA had in his possession at the time of his arrest;

2. One (1) Samsung cell phone, cell phone # 860-▓▓▓▓ that BONNIE HOWELL had in her possession at the time of her arrest;

3. One (1) Sprint LG cell phone, cell phone # 845-▓▓▓▓, that SYDNEY WHITE had in her possession at the time of her near-fatal overdose.

For each of these cellular telephones you are also authorized to search any Subscriber Information Module (hereinafter "SIM") card or Universal Subscriber Information Module (hereinafter "USIM") card in addition to any removable memory cards that may be contained in each of the above described three cellular telephones. Specifically, you are authorized and directed to seize all data contained therein, and convert it into a readable format, relating to crimes charged against DENNIS SICA, including, but not limited to, violations of Article 220 of the New York State Penal Law.

SICA-US000369

STATE OF NEW YORK )
) ss:
COUNTY OF DUTCHESS )

Ryan Angioletti, being duly sworn, deposes and says that:

1. I am the applicant herein and am a public servant of a kind specified in CPL Section 690.05(1), my title being a Detective with the Town of East Fishkill Police Department and currently assigned as an Agent with the Dutchess County Drug Task Force (hereinafter "DCDTF").

2. There is reasonable cause to believe that certain evidence hereinafter described, may be found in the following property currently in the possession of the Dutchess County Drug Task Force, located in the County of Dutchess and State of New York:

    1. One (1) Sprint HTC Cell phone, cell phone # 845-███ that DENNIS SICA had in his possession at the time of his arrest;

    2. One (1) Samsung cell phone, cell phone # 860-███ that BONNIE HOWELL had in her possession at the time of her arrest;

    3. One (1) Sprint LG cell phone, cell phone # 845-███, that SYDNEY WHITE had in her possession at the time of her non-fatal overdose.

The above described property to be searched includes any Subscriber Information Module (hereinafter "SIM") card or Universal Subscriber Information Module (hereinafter "USIM") card in addition to any removable memory cards that may be contained attached or connected to each of the above described three cellular telephones.

The property referred to, sought to be seized is:

    (a) Property that has been used and/or is possessed for the purpose of being used to commit an offense, or to conceal an offense, to wit: Criminal Possession of a Controlled Substance, in violation of Article 220 of the Penal Law of the State of New York. See paragraph "3", below.

    (b) Property constituting evidence of crime, tending to demonstrate that an offense was committed, to wit: Criminal Possession of a Controlled

4

                Substance, in violation of Article 220 of the Penal Law of the State of New York. See paragraph "3", below.

(c)        Property tending to demonstrate that DENNIS SICA, who is described in the preface of this affidavit, participated in the commission of the offense of Criminal Possession of a Controlled Substance, in violation of Article 220 of the Penal Law of the State of New York. See paragraph "3", below.

3.        In support of my assertion as to the existence of reasonable cause, the following facts are offered, based upon personal knowledge as attested to by me and by the investigation of the Dutchess County Drug Task Force as outlined within this application.

I am a member of the Town of East Fishkill Police Department and I am currently assigned to the Dutchess County Drug Task Force. I have received training in the enforcement of those laws relating to the sale, possession and distribution of narcotics and other controlled substances and illicit substances including marijuana, cocaine and heroin. I am certified in the use of various field tests utilized in this field including the Modified Scott Reagent test used for cocaine, the Mecke's Modified Reagent test used for heroin and the Duquenois-Levine test used for marijuana. As part of my duties, I also encounter drug sellers and users on a daily basis.

On January 31, 2014, Agent Enkler, a member of the Dutchess County Drug Task Force, met with SYDNEY WHITE, at Vassar Brother's Hospital after a non-fatal overdose of heroin. SYDNEY stated that immediately prior to her overdose, she purchased fifteen (15) glassine envelopes of heroin, each of which had the imprint "Breaking Bad" from a subject that she knows to be DENNIS SICA. SYDNEY stated that SICA delivered the narcotics to her residence, ▮▮▮▮ ▮▮ Road, in Dover Plains, New York, after she made arrangements with SICA for said purchase via text messages from her cell phone number (845-▮▮▮▮) to SICA'S cell phone number (845-▮▮▮▮). SYDNEY showed Agent Enkler the text messages between her and SICA in reference to the heroin transaction immediately prior to her non-fatal overdose. SYDNEY stated that she had made previous purchases from SICA and all arrangements had been made via text messages. Upon purchasing the fifteen (15) glassine envelopes of heroin with the "Breaking Bad" imprint from SICA, SYDNEY used the heroin out of one (1) of the fifteen (15) glassine envelopes and suffered a non-fatal overdose and was . The remaining fourteen (14) glassine envelopes of heroin with the "Breaking Bad" imprint which SYDNEY purchased from SICA were recovered from her

SICA-US000371

residence by Deputy Whitney of the Dutchess County Sheriff's Office and turned over to Agent Enkler. A subsequent field test of the substance contained in the remaining fourteen (14) glassine envelopes with the "Breaking Bad" imprint which were recovered from SYDNEY'S residence tested positive for heroin, a narcotic drug.

On February 1, 2014, Deputy S. A. Sansoni of the Dutchess County Sheriff's Office responded to ▇▇▇▇ Street in the Village of Pawling, New York for the report of the unattended death of Thomas N. Miller of a possible heroin overdose. Upon entering Thomas N. Miller's bedroom, in addition to Thomas Miller's body, Deputy Sansoni observed a hypodermic needle and an empty/used glassine envelope which is commonly used for packaging heroin, with the imprint "Breaking Bad" on the top of Thomas Miller's dresser, which was approximately three (3) feet away from where Thomas Miller's body was seated on the bed. Upon searching Thomas Miller's bedroom, Deputy Sansoni discovered a used hypodermic needle and four (4) additional empty/used glassine envelopes with the imprint "Breaking Bad" underneath Thomas Miller's body. Upon a further search of the bed, Deputy Sansoni discovered a clear cellophane bag with two glassine envelopes each with the imprint "Breaking Bad" and each containing a substance that subsequently field tested positive for heroin, and a bag of unused hypodermic needles. Two cell phones were also recovered from Thomas Miller's room, along with an Ipod Touch. An Autopsy was performed to confirm the cause of death. The results of the autopsy are pending.

On February 2, 2014, at approximately 9:00 AM, this Agent, Agent Enkler, Agent Chorba, all members of the Dutchess County Drug Task Force, and DEA Agent Lou Schmidt, set up surveillance in and around 5201 Chelsea Cove Hopewell Junction, in an attempt to locate DENNIS SICA. SICA was being investigated by the DTF in reference to the sale of heroin, which resulted in several heroin overdoses within Dutchess County.

At approximately 10:00 AM, a white 1997 Honda Accord, Connecticut registration 240WGR, operated by a white female, later identified as BONNIE HOWELL and a white female passenger, pulled in front of 5201 Chelsea Cove. I observed as they exited the vehicle and went inside the front door of 5201. Approximately thirty minutes later, I observed as the females exited the front door, with a white male that this Agent identified as DENNIS SICA. I observed as they entered the Honda Accord and proceeded out of the apartment complex.

Surveillance Agents maintained mobile surveillance on the vehicle as it made a stop at a deli on Beekman Road and then took the back roads to Carmel. While stopped at a traffic light in the Town of Carmel, Putnam County, the white female passenger exited the vehicle after what appeared to be an argument with HOWELL and SICA. Surveillance Agents observed as the Honda made several stops in the Town of Carmel (McDonalds, TD Bank). At one point, DEA Agent Schmidt observed that the Honda met with a black colored Dodge pick up, bearing New York State registration GEA-9504, operated by a white male, on a deserted dirt road near a reservoir. Surveillance Agents observed SICA exit the Honda and enter the front passenger side of the Dodge pick up. After a couple minutes, SICA exited the Dodge pick up and reentered the Honda. Surveillance Agents observed as the two (2) vehicles then went in opposite directions.

SICA-US000372

At approximately 1:15 PM, this Agent contacted the East Fishkill Police and spoke with Officer Nichols. I requested a traffic stop on the Honda Accord as it traveled on Beekman Road. Officer Nichols conducted a traffic stop on Beekman Road near the St. Denis Roman Catholic Church. As a result of a search of the vehicle, this Agent located three (3) white colored glassine envelopes, each with the imprint "Breaking Bad" on them and each containing a tan powdery substance, later field testing positive for the presence of heroin. These narcotics were located between the center console and passenger seat and behind the passenger seat on the floor. This Agent also located a Sprint HTC black cell phone on the front passenger seat (SICA's seat) of the vehicle and seven hundred forty eight dollars in united states currency on SICA's person at the time of the stop. The evidence was secured and was placed into DTF evidence and will be taken to the New York State Police Lab in Newburgh for further analysis.

HOWELL and SICA were taken into custody without incident and transported to the Town of East Fishkill Police Department. The Honda Accord was impounded by A&G towing. Agent Chorba maintained custody of the vehicle while it was towed to the East Fishkill Police Department to be processed.

At approximately 3:37 PM, Agent Enkler read SICA his Miranda warnings and he did not wish to speak with us without a lawyer present.

As a result of the investigation the following subjects were charged:

**DENNIS SICA, date of birth [REDACTED], was charged with Criminal Possession of a Controlled Substance in the third degree, a class B Felony in violation of Penal Law §220.16(1).**

**BONNIE HOWELL, date of birth [REDACTED], was charged with Criminal Possession of a Controlled Substance in the seventh degree, a class A Misdemeanor in violation of Penal Law §220.03.**

It is my opinion, based on my experience and training as an Agent of the Dutchess County Drug Task Force, that subjects involved in the sale and trafficking of controlled substances and marihuana, regularly use cellular telephones and a cellular telephones' features such as SMS (i.e., text-messaging), photos, videos, MMS messages and internet access (i.e. e-mail and social media websites), to communicate with other parties involved in criminal activity.

Specifically, as it relates to the sale and trafficking of controlled substances and marihuana, cellular phones are common and a routine "tool of the trade" for the drug dealer. Moreover, it has been my experience that many individuals involved in the sale and trafficking of illegal substances often times possess more than one cellular phone that they are currently using and/or have used in the past relating to the operation of their drug enterprise. Furthermore, it is not uncommon in my training and experience,

SICA-US000373

for a drug dealer to often change or "drop" a cellular phone(s) as to avoid law enforcement detection, and/or make monitoring of a drug dealers activity by law enforcement more difficult.

Additionally, it has been my experience that drug and marihuana dealers will routinely use cellular phones for various purposes relating to their customers. These include but are not limited to: arranging meeting times and locations with customer(s), keeping customer(s) contact information in the phones memory for later contact and use, informing customer(s) of current quantities and types of illegal substances that the dealer currently has for sale.

Furthermore, it has been my experience that drug and marihuana dealers will routinely use cellular phones for various purposes relating to their own suppliers of these illegal substances. Specifically, some of these include but are not limited to: arranging meeting times and locations with suppliers, keeping suppliers contact information in the phones memory for later contact and use, contacting the drug dealer's supplier(s) for information of current quantities, types and prices of illegal substances that the supplier currently has for sale. It is my belief that a search of any cellular phone(s) will show the type of evidence described above. I believe that cellular telephone(s) belonging to DENNIS SICA will show evidence of some of these types of communications including those communications described above with the CI.

Based on my training and experience I know that cellular phones are capable of being used to send and receive text messages, photographs, short videos, other electronic data and voice communication. I also know that cellular phones contain internal memory which can store records of received, dialed, and missed calls on that particular phone. I also know that cellular phone memory also stores downloaded ring tones, data downloaded from the internet, pictures, text messages, phone books, date books, address books and other data. I also know that many users will program the phone with personal information to identify the owner of that particular phone.

Furthermore, I am aware that forensic examination may be performed on a cellular phone, SIM/USIM card(s), in addition to any removable memory card(s) contained in the cellular phone to retrieve information contained within them. I also know that cellular phones save and delete information on the internal and/or removable

SICA-US000374

memory of the cellular phone and any SIM/USIM card(s), and even though an item may have been deleted, it is still sometimes possible to recover the deleted files.

Additionally, I am aware that it takes specialized training and experience along with software and hardware to perform a forensic examination and analysis of a cellular phone to retrieve this information. A forensic examiner may be able to recover evidence such as, but not limited to, photographs, text messages, videos, phone books, call history and the geographical location of the cell phone during certain phone calls by doing a forensic examination.

Cellular telephones routinely store such digital information or potential evidence by use of Read Only Memory (ROM), and Random Access Memory (RAM), as well as removable media such as memory chips, Subscriber Information Module (SIM) or Universal Subscriber Module (USIM) cards or chips, or other electronic storage media contained, attached, or connected to the cellular or wireless device.

Electronic files or digital evidence may be found or located within these devices or storage mediums which often consist of dates and times such suspect device was utilized or accessed, or numbers dialed, call(s) received, and other valuable evidence depending on the device's design, features, previous use or functionality. Electronic files or digital evidence stored within the previously mentioned memory formats may correspond to other evidentiary type information or files routinely recorded within these wireless or cellular devices, or recorded by some cellular or wireless network providers.

Forensic examination of wireless or cellular telephones requires specialized training and equipment to properly obtain and secure the digital evidence contained within the various electronic formats found in wireless and cellular telephone devices. As with other forms of electronic evidence, the evidence contained within the cellular or wireless devices' memory is extremely fragile and may be time sensitive. Analysis is best conducted by trained or certified personnel in a forensic setting. Preservation of such digital evidence requires special handling. Such preservation includes the maintenance of battery power to the device if necessary, isolation from cellular or wireless connectivity with the service provider, and available towers or other cellular network or computer networks.

SICA-US000375

There are many different cellular device types, models, and manufacturers. The ever changing design, upgrading, and evolution by the various manufacturers and device specific software and hardware found routinely poses a challenge to forensic examiners. Because of the various platforms, the examination of any particular device by a police cellular forensic examiner may require special purchase of additional hardware cables, power supplies, or software to perform a forensic examination. Therefore it is not unreasonable that a timely analysis of such devices may encounter reasonable delays. Once the digital evidence is obtained from the cellular or wireless device, it may require further analysis in a computer forensic laboratory, utilizing programs or software unavailable to the local cellular telephone examiner. Such considerations are on a case by case basis, and anticipation of such cannot be made until search and analysis is initiated on the specific device. Cellular devices may also contain a Subscriber Information Module, or SIM card(s) or USIM card(s) that contains identifying information regarding the owner of the device, or variations of data fields or information previously noted.

I also recognize that some of the above-described property is data that will be contained on cellular telephones is electronic and machine readable media which is not readable by your deponent in its present state. By this application your deponent requests authorization for members of the Dutchess County Drug Task Force to turn over any seized cellular phones to an individual that is trained or certified in the forensic extraction of such data to assist in the seizure of such data and to convert it to a readable format as necessary. Accordingly, your deponent is seeking to search and recover data from the cell phones that is connected with the illegal sale and distribution of controlled substances. Furthermore, for purposes of this application, the portion of search warrant relating to the search of cellular phones shall be deemed executed upon the initial seizure of the cellular phone(s).

Further, I believe that DENNIS SICA uses cell phones in furtherance of his drug activities, and that data obtained from any cell phones will provide evidence of the crimes listed in the prefatory language of this application.

I believe that there is also probable cause to believe the cellular telephones seized from DENNIS SICA, BONNIE HOWELL and SYDNEY WHITE and which are

currently secured as evidence by the Dutchess County Drug Task Force, in the County of Dutchess and State of New York; to wit:

1. One (1) Sprint HTC Cell phone, cell phone # 845-■■■ that DENNIS SICA had in his possession at the time of his arrest;
2. One (1) Samsung cell phone, cell phone # 860-■■■ that BONNIE HOWELL had in her possession at the time of her arrest;
3. One (1) Sprint LG cell phone, cell phone # 845-■■■, that SYDNEY WHITE had in her possession at the time of her non-fatal overdose.

contains evidence of the crimes committed by DENNIS SICA including, but not limited to, Criminal Possession of a Controlled Substance in violation of Article 220 of the Penal Law of the State of New York; property constituting evidence of crime, tending to demonstrate that an offense was committed, to wit: Criminal Possession of a Controlled Substance in violation of Article 220 of the Penal Law of the State of New York.

Accordingly, your deponent is seeking to search and recover data from the cell phone that is connected with the illegal possession of controlled substances, as well as with the intent to sell and distribute of controlled substances.

The foregoing represents the grounds for my belief.

**WHEREFORE**, I request that this Court issue an Order in the form attached directing Det. Ryan Angioletti of the Town of East Fishkill Police Department and assigned to the Dutchess County Drug Task Force, Sgt. John Zeltmann of the City of Poughkeepsie Police Department, who is presently assigned to the Dutchess County Drug Task Force and/or any investigator of the New York State Police Computer Crimes Unit to search the aforementioned three (3) cellular telephones, which are currently in the possession of the Dutchess County Drug Task Force in the County of Dutchess and State of New York:

1. One (1) Sprint HTC Cell phone, cell phone # 845-■■■ that DENNIS SICA had in his possession at the time of his arrest;
2. One (1) Samsung cell phone, cell phone # 860-■■■ that BONNIE HOWELL had in her possession at the time of her arrest;

SICA-US000377

3.  One (1) Sprint LG cell phone, cell phone # 845-▮▮▮▮ that SYDNEY WHITE had in her possession at the time of her non-fatal overdose.

For these phones you are also authorized to search any Subscriber Information Module (hereinafter "SIM") card or Universal Subscriber Information Module (hereinafter "USIM") card in addition to any removable memory cards that may be contained in each of the above described cellular telephone and hereby requests authority to search the aforementioned cellular telephone and convert it into a readable format for the following property:

> All data contained therein, and convert it into a readable format, relating to crimes committed by DENNIS SICA, including, but not limited to, violations of Article 220 of the New York State Penal Law, which includes the offense of Criminal Possession of a Controlled Substance.

_____
Agent Ryan Angioletti
Dutchess County Drug Task Force

Dated: City of Poughkeepsie, New York
       February  18  , 2014

Sworn to before me this
18th Day of February, 2014

_____
HON. Peter M. Forman
Dutchess County Court Judge
Sitting as a local criminal court

Approved by:    Cindy Murphy
                Senior Assistant District Attorney

12