UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-　　　　　　　　　　　　　　　　ORDER

DENNIS SICA,　　　　　　　　　　　　　　No. 14-CR-462 (CS)

       Defendant.
-------------------------------------------------------x

Seibel, J.

    Before the Court is Defendant Dennis Sica's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), (ECF No. 12), and the Government's opposition thereto, (ECF No. 129).[1] Defendant was sentenced principally to 420 months' (35 years') imprisonment on his conviction for conspiracy to distribute and possess with intent to distribute heroin and fentanyl His Guidelines range as calculated at sentencing was life, based on an offense level of 43 and a criminal history category ("CHC") of VI. His offense level was 43 because he had previously been convicted of a serious drug felony and because death – actually, three deaths – resulted from the use of the substances Defendant distributed. I stated, however, that I would have imposed the same sentence has the offense level been 38, the CHC V, and the resulting range 360 months to life. Defendant has served approximately 136 months..

    Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the

---

[1] Defendant was offered the opportunity to reply, (ECF No. 128), but did not do so.

community.  *See* U.S.S.G. § 1B1.13(a), p.s.  The Policy Statement, as amended, *see United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[2] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6).  The burden is on the defendant to show that a sentence reduction is warranted.  *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021).

Defendant's motion is based primarily on his rehabilitation and his argument that his Guidelines range should have been 360-life.[3]  Essentially for the reasons stated by the Government, I decline to reduce the sentence.  Most of Defendant's arguments go to issues already considered and rejected by me and/or the Second Circuit.  I recognize that I have the authority to re-weigh the § 3553(a) factors if extraordinary and compelling circumstances exist, but they do not exist here.  Defendant is correct that if sentenced today his CHC would be V, as discussed below, but his Guidelines range is life at offense level 43 regardless of CHC category.  The only issue that the Second Circuit's decision left open as to sentencing was whether the prior

---

[2] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated.").  But the outcome here would be the same even under *Brooker* and the old version of 1B1.13.

[3] I disregard Defendant's arguments directed to his conviction.  *See United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (claims regarding validity of conviction are "not a proper basis for a § 3582(c)(1)(A) motion").

serious drug felony had to be established by the filing of a prior felony information – an issue as to which it found no plain error. Even if it were error not to have established the prior conviction in that fashion, that is hardly a compelling reason for a sentence reduction. It was undisputed that three of Defendant's five previous drug felonies met the definition of "serious drug felony," and there is no reason to believe that the Government would not have been able to prove them the way Defendant alleges they should have been proven. The technicality to which Defendant points is not a compelling reason to reduce his sentence. That conclusion is reinforced by the fact that the sentence would have been the same even if Defendant had raised and prevailed on the issue.

In the absence of extraordinary and compelling reasons, I cannot consider rehabilitation alone as a justification for a sentence reduction. 28 U.S.C. § 994(t); *see* U.S.S.G. 1B1.13(d) (rehabilitation "is not, by itself, an extraordinary and compelling reason," but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted").[4]

To the extent Defendant contends that 35 years is a long time, one cannot argue with that. But a long sentence is to be expected when someone with five prior drug felonies, knowing one customer has already overdosed from a particular brand of heroin, continues to sell that brand, resulting in the deaths of three customers. Indeed, the Second Circuit found the sentence to be substantively reasonable, and I continue to believe that the § 3553(a) factors – chiefly the seriousness of the offense and Defendant's abysmal criminal history – warrant a long sentence

---

[4]Moreover, while Defendant appears to have spent his time in prison constructively, he does not address the several false statements he made in connection with his petition under 28 U.S.C. § 2255. (*See* ECF No. 121.)

3

and do not warrant any reduction less than a third of the way through it.[5] But should there come a time when extraordinary and compelling reasons exist, and if by that time Defendant has demonstrated a lengthy record of good conduct, education and good works in prison, the Court will reconsider.

Defendant also requests application of Sentencing Guidelines amendment 821, which removed the provision calling for the addition of two criminal history points if the instant offense was committed while the defendant was under supervision. (ECF No. 127 at 35.) Such an application arises under 18 U.S.C. § 3582(c)(2). Without the two points, Defendant would have twelve rather than fourteen points, and would be in CHC V rather than VI. At offense level 43, that would make no difference, as the range would still be life regardless of which CHC applies. Even at offense level 38, the range would be 360-life whether CHC V or VI applied. U.S.S.G. § 1B1.10(a)(2) provides that a sentence reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range," which is the case here, and thus Defendant is not eligible for a reduction under § 3582(c)(2).

---

[5]The cases to which Defendant cites, (*see* ECF No. 127 at 27-28), involve (with one exception in which the judge had doubts as to the defendant's guilt) defendants who had already served decades.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to send a copy of this order to Dennis Sica, No. 71171-054 FCI Ray Brook, Federal Correctional Institution P.O. Box 900 Ray Brook, NY 12977.

Dated: October 24, 2025
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.